FILED AND ENTERED
IN CRIMINAL DOCKET

11-7-06

PATRICK E. DUFFY   CLERK

Deputy

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

__BILLINGS DIVISION__                      District of                    MONTANA

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| V. | |
| BART LINDEN HOLT | |

Case Number:         CR 05-101-BLG-RFC-01

USM Number:        08792-046

Robert Kelleher
Defendant's Attorney

## THE DEFENDANT:

x  pleaded guilty to count(s)    1, 3, 4

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:2422(b) | Coercion and enticement | 08-01-05 | 1 |
| 18:2252A(a)(5)(B) | Possession of child pornography | 2005 | 3 |
| 18:2253 | Forfeiture | 08-01-05 | |

The defendant is sentenced as provided in pages 2 through    __6__    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

x  Count(s)   2                                  x  is   ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

November 2, 2006
Date of Imposition of Judgment

Signature of Judge

Richard F. Cebull, U.S. District Judge
Name and Title of Judge

November 7, 2006
Date

AO 245B     (Rev. 06/05) Judgment in Criminal Case
            Sheet 2 — Imprisonment

DEFENDANT:          Bart Linden Holt
CASE NUMBER:        CR 05-101-BLG-RFC-01

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

120 months.  This is 120 months on each of Counts 1 and 3, concurrent, for a total of 120 months.  (Count 4 is forfeiture)

x  The court makes the following recommendations to the Bureau of Prisons:

That defendant be designated to Butner, NC and that he participate in the sex offender treatment program at that facility. Three experts testified at sentencing that this treatment would be very beneficial to defendant.  If the sex offender treatment program is not immediately available, the Court recommends that defendant be designated to Seagoville, TX, so he can be close to Sante Center for healing, its people, and therapists.

X The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐   at   _____   ☐ a.m.   ☐ p.m.   on   _____ .

☐   as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐   before 2 p.m. on   _____ .

☐   as notified by the United States Marshal.

☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on   _____   to   _____

at   _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By  _____
DEPUTY UNITED STATES MARSHAL

AO 245B      (Rev. 06/05) Judgment in a Criminal Case
             Sheet 3 — Supervised Release

Judgment—Page ___3___ of ___5___

DEFENDANT:        Bart Linden Holt
CASE NUMBER:      CR 05-101-BLG-RFC-01

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

15 years. This is 15 years on each of Counts 1 and 3, concurrent, for a total of 15 years. (Count 4 is forfeiture)

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

X   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Judgment—Page     4     of     6

DEFENDANT:        Bart Linden Holt
CASE NUMBER:      CR 05-101-BLG-RFC-01

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in substance abuse testing, to include not more than 52 urinalysis tests and not more than 52 breathalyzer tests annually during the period of supervision.

2. The defendant shall abstain from the consumption of alcohol and shall not enter establishments where alcohol is the primary item of sale. This condition supersedes standard condition number 7 with respect to alcohol consumption only.

3. The defendant shall enter and complete a sex offender treatment program as directed by and until released by the United States Probation Office. The defendant shall abide by the policies of the program. The defendant is to pay all or part of the costs of treatment as directed by United States Probation.

4. All employment must be approved in advance by the United States Probation Office. The defendant shall consent to third-party disclosure to any employer or potential employer.

5. The defendant shall submit his person, residence, place of employment, or vehicle, to a search, conducted by a United States Probation Officer, based on reasonable suspicion of contraband or evidence in violation of a condition of release. Failure to submit to search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to the condition.

6. The defendant shall comply with the State of Montana Violent/Sex Offender Registration requirements for convicted violent and sex offenders, pursuant to Montana Codes Annotated § 46-23-504.

7. The defendant shall not be allowed to reside in the home, residence, or be in the company of any child under the age of 18 without prior approval of United States Probation. Defendant shall not treat children under the age of 18 years.

8. The defendant shall not go to or loiter near school yards, parks, playgrounds, arcades, or other places primarily used by children under the age of 18.

9. The defendant shall not date or socialize with anybody who has children under the age of 18 without the permission of the probation office.

10. The defendant shall not possess any materials depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A)(i)-(v), including visual, auditory, telephonic, or electronic media, and computer programs or services. He shall not patronize any place where such material or entertainment is available. The defendant shall not utilize 900 or adult telephone numbers or any other sex-related numbers.

11. The defendant shall consent to third-party disclosure to any employer or potential employer concerning any computer-related restrictions that are imposed upon him, unless excused by the probation officer.

12. The defendant shall sign the necessary consent form to allow the probation officer to verify utility and telephone access (services) and bills (both past and present) to his residence.

13. The defendant shall not possess or use any computer or other electronic device which can provide access to the Internet.

14. Pursuant to the Violent Crime Control Act of 1994, the defendant is required to notify the United States Probation Officer ten (10) days prior to change of address.

Judgment — Page    5    of    6

DEFENDANT:        Bart Linden Holt
CASE NUMBER:      CR 05-101-BLG-RFC-01

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 200.00 | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| **TOTALS** | $          0 | $          0 | |

☐ Restitution amount ordered pursuant to plea agreement   $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

     ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

     ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page ___6___ of ___6___

DEFENDANT: Bart Linden Holt
CASE NUMBER: CR 05-101-BLG-RFC-01

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** X Lump sum payment of $ ___200.00___ due immediately, balance due

     ☐ not later than _____ , or
     X in accordance ☐ C, ☐ D, ☐ E, or X F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** X Special instructions regarding the payment of criminal monetary penalties:

     Payment of criminal monetary penalties are due during imprisonment at the rate of not less than $25.00 per quarter, and payment shall be through the Bureau of Prisons' Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk, United States District Court, Federal Building, Room 5405, 316 North 26th St., Billings, MT 59101.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

     Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

X The defendant shall forfeit the defendant's interest in the following property to the United States:
As agreed to between plaintiff and defendant in court documents.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.