

LODGED
MAY 0 1 2014
Probation U.S. Court
Clerk, U.S. District of Montana
District of Billings

**UNITED STATES DISTRICT COURT**
**for**
**DISTRICT OF MONTANA**

**FILED**

MAY - 2 2014

Clerk, U.S. District Court
District Of Montana
Billings

### REQUEST FOR MODIFYING THE CONDITIONS OR TERM OF SUPERVISION
### WITH CONSENT OF THE OFFENDER
(Probation Form 49, Waiver of Hearing Is Attached)

**Name of Offender:**   Bart Linden Holt          **Case No: CR 05-101-BLG-SPW-01**

**Name of Sentencing Judicial Officer:**   Honorable Richard F. Cebull, U.S. District Judge
Reassigned to:
Honorable Susan P. Watters, U.S. District Judge

**Date of Original Sentence:**   November 2, 2006

**Original Offense:** Ct. I: Coercion and Enticement, 18 U.S.C. § 2422(b)
Ct. III: Possession of Child Pornography, 18 U.S.C. § 2252A (a)(5)(B)

**Original Sentence:**   120 months imprisonment on Counts I and III, concurrent, followed by 15 years
of supervised release on Counts I and III.

**Type of Supervision:**   Supervised Release          **Date Supervision Commenced:** 04/18/2014

---

### PETITIONING THE COURT

☐     To extend the term of supervision for _____ years, for     a total term of _____ years.

☒     To modify the conditions of supervision as follows:

1.     The defendant shall enter and successfully complete a sex offender treatment program. The defendant is to enter a program designated by, and until released by, the United States Probation Office. The defendant is to pay all or part of the costs of treatment as directed by United States Probation.

2.     All employment must be approved in advance in writing by the United States Probation Office. The defendant shall consent to third-party disclosure to any employer or potential employer.

Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender
Re:    Bart Linden Holt
       Case No. CR 05-101-BLG-SPW-01
Page   2

3.    The defendant shall not be allowed to do the following without prior written approval of
      United States Probation: knowingly reside in the home, residence, or be in the company of
      any child under the age of 18, with the exception of his own children; go to or loiter within
      100 yards of school yards, parks, playgrounds, arcades, or other places primarily used by
      children under the age of 18.

4.    The defendant shall not knowingly acquire, possess or view any materials depicting sexually
      explicit conduct as defined in 18 U.S.C. § 2256(2)(A)(i)-(v), (5), (8), (9) and (10), including
      written stories, visual, auditory, telephonic, or electronic media, and computer programs or
      services.  The defendant shall not knowingly patronize any place where sexually explicit
      material or entertainment is the primary item of sale, such as adult bookstores, clubs, or
      Internet sites.  The defendant shall not utilize 900 or adult telephone numbers or any other
      sex-related numbers, or on-line chat rooms that are devoted to the discussion or exchange
      of sexually explicit materials as defined above.

5.    The defendant shall not knowingly possess or use any computer or other device with access
      to any on-line computer service without the prior written approval of the probation officer.
      The defendant shall allow the probation officer to make unannounced examinations of his
      computer, hardware, and software, which may include the retrieval and copying of all data
      from his computer.  The defendant shall allow the probation officer to install software to
      restrict the defendant's computer access or to monitor the defendant's computer access.  The
      defendant shall not possess encryption or steganography software.  The defendant shall
      provide records of all passwords, Internet service, and user identifications (both past and
      present) to the probation officer and immediately report changes.  The defendant shall sign
      releases to allow the probation officer to access phone, wireless, Internet, and utility records.

6.    The defendant shall comply with Sexual Offender Registration requirements for convicted
      offenders in any state in which the defendant resides.

7.    The defendant shall not possess camera phones or electronic devices that could be used for
      covert photography without the prior written approval of the United States Probation Office.

8.    The defendant shall submit his person, and any property, residence, place of employment,
      vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic
      communications or data storage devices or media, to which the defendant has access, to a
      search at a reasonable time and a reasonable manner, with or without a warrant, by the
      United States Probation Office, or by any law enforcement officers upon the express
      direction of the United States Probation Office, with reasonable suspicion concerning a
      violation of a condition of supervision or unlawful conduct by the defendant.  Failure to

Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender
Re:    Bart Linden Holt
       Case No. CR 05-101-BLG-SPW-01
Page   3

submit to search may be grounds for revocation. The defendant shall warn any other occupants, adults, and minors that the premises may be subject to searches pursuant to this condition. The defendant shall allow seizure of suspected contraband for further examination.

9.     The defendant shall submit to not more than six polygraph examinations per year as directed by United States Probation to assist in treatment, planning, and case monitoring. The defendant maintains his Fifth Amendment rights during polygraph examinations and may refuse to answer any incriminating questions. The defendant is to pay all or part of the cost of the examinations as directed by United States Probation.

## ** CAUSE **

The above modification of supervised release conditions is being requested to comply with recent 9th Circuit case law. The probation officer reviewed the modification request with the defendant in detail and he also consulted with his attorney Mr. Robert Kelleher. On April 25, 2014, the defendant signed a waiver of hearing to modify his supervised release conditions as outlined above. If the Court concurs with the modification, the above conditions will take the place of special conditions 3-10, 12 and 13, that were imposed at the time of original sentencing.

Reviewed:                                      Respectfully submitted,

by   _Jean Keiley_                     by   _Derek Hart_

Jean Keiley                                    Derek Hart
Supervising U. S. Probation Officer            U. S. Probation Officer

_5/1/2014_                                     _5-1-2014_

Date                                           Date

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender
Re:    Bart Linden Holt
        Case No. CR 05-101-BLG-SPW-01
Page   4**

## THE COURT ORDERS:

_ No Action

_ The Extension of Supervision as Noted Above.

✓ The Modification of Conditions as Noted Above.

_ Other

Susan P. Watters
U.S. District Judge

May 1, 2014
Date

PROB 49

Waiver of Hearing to Modify Conditions
of Probation/Supervised Release or Extend Term of Supervision

## UNITED STATES DISTRICT COURT
### for the
### DISTRICT OF MONTANA

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By 'assistance of counsel', I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the Court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Supervised Release that will take the place of special conditions 3-10, 12 and 13, that were imposed at the time of original sentencing.

1.  The defendant shall enter and successfully complete a sex offender treatment program. The defendant is to enter a program designated by, and until released by, the United States Probation Office. The defendant is to pay all or part of the costs of treatment as directed by United States Probation.

2.  All employment must be approved in advance in writing by the United States Probation Office. The defendant shall consent to third-party disclosure to any employer or potential employer.

3.  The defendant shall not be allowed to do the following without prior written approval of United States Probation: knowingly reside in the home, residence, or be in the company of any child under the age of 18, with the exception of his own children; go to or loiter within 100 yards of school yards, parks, playgrounds, arcades, or other places primarily used by children under the age of 18.

4.  The defendant shall not knowingly acquire, possess or view any materials depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A)(i)-(v), (5), (8), (9) and (10), including written stories, visual, auditory, telephonic, or electronic media, and computer programs or services. The defendant shall not knowingly patronize any place where sexually explicit material or entertainment is the primary item of sale, such as adult bookstores, clubs, or Internet sites. The defendant shall not utilize 900 or adult telephone numbers or any other sex-related numbers, or on-line chat rooms that are devoted to the discussion or exchange of sexually explicit materials as defined above.

Prob 49
Page 2
Holt, Bart

5.      The defendant shall not knowingly possess or use any computer or other device with access
        to any on-line computer service without the prior written approval of the probation officer.
        The defendant shall allow the probation officer to make unannounced examinations of his
        computer, hardware, and software, which may include the retrieval and copying of all data
        from his computer.  The defendant shall allow the probation officer to install software to
        restrict the defendant's computer access or to monitor the defendant's computer access. The
        defendant shall not possess encryption or steganography software.  The defendant shall
        provide records of all passwords, Internet service, and user identifications (both past and
        present) to the probation officer and immediately report changes.  The defendant shall sign
        releases to allow the probation officer to access phone, wireless, Internet, and utility records.

6.      The defendant shall comply with Sexual Offender Registration requirements for convicted
        offenders in any state in which the defendant resides.

7.      The defendant shall not possess camera phones or electronic devices that could be used for
        covert photography without the prior written approval of the United States Probation Office.

8.      The defendant shall submit his person, and any property, residence, place of employment,
        vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic
        communications or data storage devices or media, to which the defendant has access, to a
        search at a reasonable time and a reasonable manner, with or without a warrant, by the
        United States Probation Office, or by any law enforcement officers upon the express
        direction of the United States Probation Office, with reasonable suspicion concerning a
        violation of a condition of supervision or unlawful conduct by the defendant.  Failure to
        submit to search may be grounds for revocation. The defendant shall warn any other
        occupants, adults, and minors that the premises may be subject to searches pursuant to this
        condition.  The defendant shall allow seizure of suspected contraband for further
        examination.

9.      The defendant shall submit to not more than six polygraph examinations per year as directed
        by United States Probation to assist in treatment, planning, and case monitoring.  The
        defendant maintains his Fifth Amendment rights during polygraph examinations and may
        refuse to answer any incriminating questions.  The defendant is to pay all or part of the cost
        of the examinations as directed by United States Probation.

Witness: _____ 4-25-14        Signed: _____ 4/25/14
        Derek Hart          Date                 Bart Linden Holt       Date
        U.S. Probation Officer                   Supervised Releasee
                                                 Case No. CR 05-101-BLG-SPW-01