

# UNITED STATES DISTRICT COURT
## FOR
## DISTRICT OF MONTANA
### Report on Offender Under Supervision

**Name of Offender:** Bart Linden Holt      **Docket Number:** 0977 1:05CR00101-001

**Name of Sentencing Judicial Officer:** THE HONORABLE RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE

**Date of Original Sentence:** 11/02/2006

**Original Offense:** 18:2422.F; COERCION OR ENTICEMENT OF FEMALE/MALE, 18:2252A.F; ACTIVITIES RELATING TO MATERIAL CONSTITUTING OR CONTAINING CHILD PORNOGRAPHY

**Original Sentence:** 120 months custody, 180 months supervised release

**Type of Supervision:** Supervised Release      **Date Supervision Commenced:** 04/18/2014

## NON-COMPLIANCE SUMMARY

### Background

On 11/02/2006, the defendant appeared for sentencing before THE HONORABLE RICHARD F. CEBULL, UNITED STATES DISTRICT JUDGE, having pled guilty to the offenses of 18:2422.F; COERCION OR ENTICEMENT OF MALE, 18:2252A.F; ACTIVITIES RELATING TO MATERIAL CONSTITUTING OR CONTAINING CHILD PORNOGRAPHY. The offense involved the defendant utilizing Yahoo! Instant Message to initiate and engage in cybersex chats with an individual he believed to be a 13 year old female. Through these chats, the defendant arranged to meet this individual in Billings, Montana, to engage in sexual conduct. The defendant was arrested upon arrival at the location they agreed to meet. The defendant admitted engaging who he thought was a 13 year old girl in cybersex chat sessions, sending web cam video of himself masturbating, and discussing his intention of traveling from Missoula to Billings to have sex with her. Following his arrest, the defendant's computer was found to have images and videos of child pornography. The defendant was sentenced to 120 months custody, followed by 180 months supervised release. The defendant began the current term of supervised release on 04/18/2014.

Since that time, the probation officer believes the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special condition:** The defendant shall participate in substance abuse testing to include not more than 52 urinalysis tests, not more than 52 breathalyzer tests, and not more than 36 sweat patch applications annually during the period of supervision. The defendant shall pay all or part of the costs of testing as directed by the United States Probation Office.<br><br>The defendant failed to submit scheduled urinalysis exams at R and J Testing in Missoula, Montana, on December 9, 2014, October 13, 2015, June 6, 2016, July 21, 2016, September 10, 2016, June 25, 2017, and September 15, 2017. |
| 2 | **Standard condition:** The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.<br><br>On September 15, 2017, the defendant called the undersigned probation officer to advise he was not likely to make it to R and J Testing in time to submit his scheduled urinalysis exam by 6:30 p.m. as required. The defendant explained he was on his way into Missoula from Lolo and the traffic and rain were slowing him down. The defendant reported he had been in Lolo to run errands. When questioned further, the defendant admitted he had not been in Lolo running errands, but rather at the Missoula Job Service. |
| 3 | **Standard condition:** The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment.<br><br>On March 29, 2017, the undersigned probation officer contacted the defendant's employer, Advantage One Cleaning, to inquire about job attendance, performance, etc. Advantage One Cleaning advised the defendant put in a two week notice with them and his last day of work was March 24, 2017. The defendant failed to notify the probation officer of this change in employment. |
| 4 | **Special condition:** All employment must be approved in advance by the United States Probation Office.<br><br>On March 30, 2017, the defendant reported he had started work at a company called Durable Goods Montana. This employment was not approved in advance by the United States Probation Office. |

| | | |
|---|---|---|
| 5 | | **Special condition:** The defendant shall comply with the State of Montana Violent/Sex Offender Registration requirements for convicted violent and sex offenders, pursuant to M.C.A. 46-23-504. |

On March 24, 2017, the defendant ended his employment with Advantage One Cleaning in Missoula, Montana. The defendant is required to update the Montana Sexual Offender Registry within three days of any change in employment. On March 30, 2017, a home visit was conducted to the defendant's residence. The defendant admitted at that time he had not updated the registry of his change in employment status as required.

### U.S. Probation Officer Action:

At the inception of supervised release the defendant was placed on phase urinalysis testing. To date, the defendant has never tested positive. However, as outlined above, the defendant failed to report seven times in the past three years. In each failure to report, the probation officer required the defendant to report to the U.S. Probation Office the following day to submit a urinalysis test. The defendant's explanations for failing to report have ranged from just forgetting to call the urinalysis phone line to losing track of time. The latest excuse was a departure from the norm when he initially lied about the circumstances of his failure to report. The defendant does not have a significant history of illicit drug use. I do not believe he is at risk for relapse or use in the future. However, his repeated failures to comply with this condition of the Court has been concerning. The defendant has been verbally reprimanded at each failure to report. We have discussed various methods from the beginning to avoid any future issues. The defendant claims he is not deliberately attempting to avoid reporting for testing. The probation officer has agreed to take the defendant off phase urinalysis testing if he can comply for the next few months. He will continue to be periodically tested by the probation officer upon having personal contact with him in the future.

On February 23, 2017, the defendant reported he was getting tired of his job at Advantage One Cleaning. He reported meeting with an old friend who may be in a position to offer him a job. The defendant was reminded to keep me informed in this regard pursuant to his conditions. On March 30, 2017, an unannounced home visit was conducted at the defendant's residence. He acknowledged he was no longer working at Advantage One Cleaning and had taken a new job with Durable Goods Montana. The defendant claimed he notified the probation officer. However, the defendant in fact did not notify me that he was no longer working at Advantage One Cleaning and his employment at Durable Goods Montana was not approved in advance. After speaking with the owner of Durable Goods Montana, the probation officer determined the job did not pose any known risks and approved. Prior to leaving the defendant's residence, I asked him if he had updated the Montana Sex Offender Registry in regards to his change of employment within the three days as required by state law. The defendant stated he was not aware that he needed to update the registry in this regard. The probation officer verbally reprimanded the defendant for his non-compliance and instructed him to update the registry immediately, review and carefully read his judgment and the registry requirements he signed and dated upon his initial registration.

The defendant is presently unemployed and looking for work. He has successfully completed the recommended sexual offender therapy program and is attending aftercare as directed. The defendant is residing with his significant other in Missoula, Montana, and is being supported by family. Despite the repeated non-compliance as outlined above, I would respectfully ask the Court to take no further action at this time. The defendant clearly understands that he is required to abide by all conditions imposed by the Court moving forward and any future attempts to be dishonest about his whereabouts will be met with more formal action being recommended.

Reviewed
By: _____
Joseph McElroy
Supervising United States Probation Officer
Date: 09/22/2017

Respectfully Submitted
By: _____
Derek Hart
United States Probation Officer
Date: 09/22/2017

## ORDER OF COURT

☐ Submit a Request for Modifying the Condition or Term of Supervision

☐ Submit a Request for Warrant or Summons

☑ Agrees with U.S. Probation Officer's recommendation

_____
Susan P Watters
United States District Judge

9-26-2017
Date